OPINION OF THE COURT
Robert H. Freehill, J.
*550 Defendant is charged in this indictment with the crime of criminal possession of a weapon in the second degree.
In his omnibus motion, defendant moved to dismiss the indictment claiming that he is exempt from prosecution for criminal possession of a weapon in the second degree by the application of the Law Enforcement Officers Safety Act of 2004 (LEOSA). To establish that a particular person is exempt from prosecution pursuant to LEOSA, it must be shown that the person is a qualified law enforcement officer and that proper identification was carried with the weapon. In addition, defendant argued that the seizure of the weapon was improper.
Pursuant to the decision and order of the court, a hearing was held on May 8, 2008 to determine the lawfulness of the seizure of the handgun from defendant’s car and to determine whether the defendant was exempt from prosecution pursuant to LEOSA.
Facts
At the hearing, facts were presented relating to the stop of defendant’s vehicle and to defendant’s status as a qualified law enforcement officer.
A. Stop and Search/Statements
On May 16, 2007, City of Newburgh Police Officer Kevin Lahar was on patrol in the City of Newburgh at 12:27 a.m. At that time he observed a four door, dark colored Lexus traveling westbound on Broadway as he was driving eastbound on Broadway. He estimated that the defendant’s vehicle was traveling at a rate of 40 miles per hour in a 30 miles-per-hour zone.
Officer Lahar turned around and stopped the vehicle and approached. Because the windows were tinted, he could not see how many occupants were in the vehicle until he approached the driver’s window which was down. From the driver’s window he noticed that there were two occupants inside the defendant’s vehicle. He learned that the driver was defendant Benjamin Booth and the passenger was Cornelius Stubbs.
Officer Lahar asked defendant for his license and registration. Defendant provided a New York State identification card and the vehicle registration. After a radio check of the documentation, Officer Lahar learned that there was a pending warrant for defendant out of the City of Newburgh and that defendant’s license was suspended. A backup officer arrived at the scene and learned that the passenger, Cornelius Stubbs, did not have a valid license.
*551 Officer Lahar requested a tow for the vehicle and asked if there was anything in the vehicle that he should be made aware of. The defendant said “no.” Officer Lahar then began to inventory the contents of the car. During the inventory, he found a loaded Glock model 23 handgun under the driver’s seat in a pull out compartment. The magazine contained 12 rounds and there was an additional round in the chamber. Officer Lahar had another conversation with defendant during which the defendant stated that he did not have a license to possess a firearm. Officer Lahar also recovered two identification cards on the defendant’s person. The defendant did not tell the officers that he had identification on his person before it was seized. The defendant was then transported to the police station.
Defendant was brought into a booking room and was advised of his Miranda rights. The defendant signed off on the warnings and agreed to speak with the police officers without counsel present. During the conversation, defendant stated that he received a waiver from the Coast Guard to use the firearm to practice and that he had recently used the gun at the range.
B. Status as Qualified Law Enforcement
Lieutenant Benjamin William Stevenson of the United States Coast Guard testified credibly regarding the scope and nature of the duties of the defendant as a member of the United States Coast Guard. According to Lieutenant Stevenson, defendant was permitted to carry a weapon when conducting operations for the Coast Guard. In addition, defendant was required to be in uniform, to use a badge and to carry an identification card when conducting operations. Subject to numerous regulations and rules, the defendant was authorized to make arrests and generally take part in law enforcement duties as part of his duties as a boarding officer with the Coast Guard. His authority to carry a weapon did not extend beyond his role as a uniformed member of the Coast Guard and he was not permitted to carry a concealed weapon while out of uniform.
Conclusions
18 USC § 926B (a) states in relevant part that
“[notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce.”
*552 Subsection (c) states that a qualified law enforcement officer means an employee of a governmental agency who
“(1) is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest;
“(2) is authorized by the agency to carry a firearm;
“(3) is not the subject of any disciplinary action by the agency;
“(4) meets standards, if any, established by the agency which require the employee to regularly qualify in the use of a firearm;
“(5) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
“(6) is not prohibited by Federal law from receiving a firearm.”
Subsection (d) defines identification as photographic identification issued by the governmental agency which employs the individual as a law enforcement officer.
Based upon the testimony at the hearing, it is evident that defendant Benjamin Booth is a qualified law enforcement officer as set forth in 18 USC § 926B. He is authorized to carry a firearm while engaged in his duties as a boarding officer. These duties were defined as the prevention, detection and investigation of violations of the law and defendant has the authority and duty to arrest violators. He is qualified to carry a firearm, and at the time of his arrest he was not under the influence of alcohol or any other drug. In addition, at the time he was found to be in possession of a handgun in the City of Newburgh, he carried two forms of photographic identification issued by the Coast Guard.
Based upon a reading of 18 USC § 926B (a) and applying the facts brought forth at the hearing, the court finds that the defendant is exempt from prosecution under New York State law as a result of LEOSA. None of the arguments put forth by the People supply any proof that defendant was not protected from criminal prosecution by this act. Although the proof at the hearing indicates that the defendant engaged in a violation of rules, regulations and policies of the United States Coast Guard by possessing a handgun for which he had no license, these violations do not act to lessen the scope of LEOSA as it is applied in this instance. When distilled to *553 the salient facts, the evidence presented at the hearing showed that the defendant was a qualified law enforcement officer who possessed photographic identification issued by the Coast Guard.
Accordingly, he is exempt from prosecution and the indictment must be dismissed.
Issues surrounding the defendant’s claims that the search and seizure was improper need not be decided in light of the finding that the defendant is exempt from prosecution.